IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY L. WILLIFORD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LSF8 MASTER PARTICIPATION | : | |
| TRUST, ET AL. | : | NO. 17-1516 |

## MEMORANDUM

Padova, J.                                                                                                January 16, 2018

Plaintiff Jerry Williford commenced this quiet title and fraud action after Defendant LSF8 Master Participation Trust ("LSF8") foreclosed on Plaintiff's home in northwest Philadelphia. Plaintiff asserts claims against LSF8; Mortgage Electronic Registration Systems, Inc. ("MERS"); Caliber Home Loans, Inc. ("Caliber"); Mindi Hernandez; Vericrest Opportunity Loan Transferee, Series 2015-NP11; and Loan Star Funds,[1] alleging that his mortgage had been invalidly and fraudulently assigned prior to foreclosure, and that LSF8 and the other Defendants lacked any valid rights in the subject property. Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We held oral argument on the Motion on November 30, 2017. For the reasons that follow, we grant Defendants' Motion and dismiss the Complaint in its entirety.

## I.    FACTUAL BACKGROUND

The Complaint alleges that Plaintiff financed the purchase of his home with a loan secured by a mortgage. (Id. ¶¶ 11-12.) Plaintiff's mortgage was then assigned twice: first from the lender to Defendant MERS, and then from MERS to Defendant LSF8 ("the Second

---

[1] Defendants indicate that neither Loan Star Funds nor Vericrest Opportunity Loan Transferee are entities that exist, and state that they presume that Plaintiff intended to name Vericrest Financial, Inc., which is a predecessor entity to Caliber.

Assignment"). (Id. ¶¶ 14-15, 17-18.) The Complaint asserts that the Second Assignment was invalid because Plaintiff's lender dissolved before the Second Assignment occurred and MERS held no right to assign the mortgage when Plaintiff's lender no longer existed. (Id. ¶¶ 28, 32-36.) It asserts, in the alternative, that the Second Assignment was invalid because the assignment was executed by Defendant Hernandez, who identified herself as an Assistant Secretary of MERS, when, in fact, she was not employed by MERS. (Id. ¶¶ 17, 36, 39, 41-43.)

LSF8 filed a foreclosure action against Plaintiff in the Philadelphia Court of Common Pleas on December 2, 2015 (the "Foreclosure Action"). (Id. ¶ 19.) In his *pro se* Answer, Plaintiff asserted that the assignments of his mortgage were "invalid" and "corrupted by forgery."[2] (Answer and New Matter at ¶ 5, LSF8 Master Participation Tr. v. Williford, Nov. Term, 2015, No. 4303 (Ct. Com. Pl. Phia. Cty. Jan. 20, 2016).) LSF8 subsequently moved for Summary Judgment, submitting evidence that Plaintiff's mortgage had been assigned to it on July 21, 2015, and that the mortgage loan was in default on account of Plaintiff's failure to make his monthly payments. (Pl.'s Mot. for Summ. J. at ¶¶ 8, 9, LSF8 Master Participation Tr., Nov. Term, 2015, No. 4303 (Sept. 21, 2016).) LSF8 sought a foreclosure judgment in the amount of $80,091.91. (Id. at 5.) Upon consideration of LSF8's motion, to which Plaintiff filed no response, the state court granted the motion and entered Final Judgment in LSF8's favor in the amount of $80,091.91, plus interest, on December 7, 2016. (Defs'. Ex. 1 at 8, 9.)

---

[2] After oral argument, Defendants submitted to this Court documents that were filed in the Foreclosure Action, including Plaintiff's Answer, LSF8's Motion for Summary Judgment, and the Order granting Summary Judgment. We may consider these documents from the prior judicial proceeding on a motion to dismiss because they are public records. M & M Stone Co. v. Pennsylvania, 388 F. App'x 156, 162 (3d Cir. 2010) (citing Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004)).

Plaintiff commenced the instant action on April 14, 2017. Without acknowledging the foreclosure judgment, the Complaint asks that we find the Second Assignment to be invalid, and that we declare both that Plaintiff has continuing rights to his property and that no Defendant has ever had any enforceable rights against the property. Plaintiff also seeks money damages. Specifically, the Complaint asserts four Counts against all Defendants. Count I seeks to quiet title to Plaintiff's property and a declaration that LSF8's lien against Plaintiff is invalid and unenforceable. Counts II through IV assert claims of fraudulent misrepresentation, civil conspiracy, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), respectively, alleging that Hernandez, acting in concert with the other Defendants, fraudulently purported to assign Plaintiff's mortgage to LSF8 without authority, and that Plaintiff was consequently harmed by LSF8's subsequent assertion of rights to the mortgage based on the invalid Second Assignment.

## II. LEGAL STANDARD

When considering a Rule 12(b)(6) motion, we consider the complaint, exhibits attached to the complaint, matters of public record, and other authentic documents on which the complainant's claims are based. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted); see also M & M Stone Co. v. Pennsylvania, 388 F. App'x 156, 162 (3d Cir. 2010) (citing Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004)). We take the factual allegations of the complaint as true and "construe the complaint in the light most favorable to the plaintiff." DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citation omitted). To survive a 12(b)(6) motion, the complaint must contain "sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged." Warren Gen. Hosp. v. Amgen, Inc.,

643 F.3d 77, 84 (3d Cir. 2011) (quotation omitted). In the end, we will grant a 12(b)(6) motion to dismiss if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quotation omitted).

## III. DISCUSSION

Defendants argue that we should dismiss the Complaint on the basis of issue preclusion. Specifically, Defendants assert that all of Plaintiff's claims rest on the premise that the Second Assignment was invalid, that the state court already conclusively decided in the Foreclosure Action that the Second Assignment was valid, and that the Complaint therefore fails to state claims upon which relief can be granted because Plaintiff is precluded from asserting the invalidity of an assignment that was already judicially determined to be valid.

As an initial matter, we address Defendant's assertion that all of Plaintiff's claims depend on the central allegation that the Second Assignment was invalid. Significantly, Plaintiff does not specifically dispute this characterization of his claims. Moreover, it is clear from the face of the Complaint that validity of the Second Assignment is at the heart of Count I, the quiet title action, which challenges LSF8's assertion of rights in the mortgage based exclusively on the asserted invalidity of the Second Assignment. Counts II through IV also assert claims that seek to delegitimize the Second Assignment as they assert various improprieties in that assignment. Indeed, Plaintiff conceded at oral argument that the damages he seeks in Counts II through IV are entirely grounded on LSF8's purportedly invalid assertion of rights against his property, which is, in turn, dependent on the allegation that the Second Assignment was invalid.[3]

---

[3] Counts II through IV of the Complaint, which assert claims of fraudulent misrepresentation, civil conspiracy, and violation of the UTPCPL, all require damages as an

4

Consequently, we conclude that Plaintiff's ability to succeed on each of the four Counts of the Complaint is dependent upon his ability to establish that the Second Assignment was invalid.

Having concluded that all of Plaintiff's claims rest on the essential assertion that the Second Assignment was invalid, we next determine whether the judgment in the Foreclosure Action bars Plaintiff from re-litigating that issue. We apply Pennsylvania preclusion principles when assessing the preclusive effects of a Pennsylvania judgment. Lindquist v. Buckingham Twp., 106 F. App'x 768, 776 (3d Cir. 2004) (citing 28 U.S.C. § 1738; and Gregory v. Chehi, 843 F.2d 111, 118 (3d Cir. 1988)). In Pennsylvania, issue preclusion "forecloses re-litigation in a later action, of an issue of fact or law [that] was actually litigated and . . . was necessary to the original judgment." Taylor v. Extendicare Health Facilities, Inc., 147 A.3d 490, 511 n.30 (Pa. 2016) (quotation omitted). A prior decision of an issue is preclusive when: (1) the issue presented is identical to the one decided in the prior case; (2) the prior case reached a final judgment on the merits; (3) the party against whom preclusion is asserted was a party in the prior case; (4) that party had a full and fair opportunity to litigate the issue in the prior case; and (5) the decision of the issue was essential to the prior judgment. Id. (citation omitted). Here, there is no question that Plaintiff was a party to the prior action and that the state court issued a final judgment on the merits. We must decide, therefore, whether (1) the validity of the Second Assignment was decided in the prior action, (2) Plaintiff had an opportunity to litigate the issue in that action, and (3) the issue was essential to the grant of summary judgment.

---

essential element. See 73 Pa. Stat. § 201-9.2(a) (private UTPCPL action requires an "ascertainable loss"); Weston v. Northampton Personal Care, Inc., 62 A.3d 947, 960 (Pa. Super. 2013) (fraudulent misrepresentation requires reliance that causes injury (citation omitted)); Phillips v. Selig, 959 A.2d 420, 437 (Pa. Super. 2008) (civil conspiracy requires "actual legal damage" (citations omitted)).

5

In order to prevail on a foreclosure claim in Pennsylvania, a plaintiff must establish, among other elements, "the parties to and date of the mortgage, and *of any assignments*." 231 Pa. Code § 1147(a)(1) (emphasis added). Moreover, a foreclosure judgment necessarily includes a finding that the mortgage was valid, and that the mortgage holder who is the plaintiff in a foreclosure action has standing to foreclose. See Dauphin Deposit Bank & Tr. Co. v. Tenny, 513 A.2d 459, 461 (Pa. Super. Ct. 1986) (finding that a prior foreclosure judgment barred mortgagor from re-litigating validity of a mortgage in a subsequent proceeding after it had admitted the existence, terms, and default of a mortgage in the prior action). Here, the state court entered summary judgment in favor of LSF8 and, in doing so, necessarily decided that no genuine dispute of material fact existed with respect to the identity of the parties to the mortgage, the identity of the parties to the assignments of the mortgage, and the ultimate validity of LSF8's interest in the mortgage. Consequently, the mortgage judgment in LSF8's favor necessarily decided the validity of the chain of assignments between it and Plaintiff's original lender. The determination that the assignments were valid was also essential to the mortgage judgment, because if LSF8 had been unable to meet its burden of proof on that issue, it would not have been entitled to summary judgment.

Plaintiff seems to argue both that he did not have a full and fair opportunity to litigate the issue of the assignments' validity, and that the issue was not actually decided, because he was not represented by counsel in the Foreclosure Action and did not respond to LSF8's summary judgment motion. However, the fact that Plaintiff did not respond to the motion for summary judgment is immaterial to whether he had a full and fair *opportunity* to litigate the issue of the Second Assignment's validity. Indeed, Plaintiff plainly had the *opportunity* to make his arguments in the Foreclosure Action, and issue preclusion is not prohibited simply because he

6

did not capitalize on that opportunity. Taylor, 147 A.3d at 511 n.30. Moreover, there is no merit to Plaintiff's argument that the state court did not actually decide the issue of the assignments' validity because he did not actually present argument that the assignments were invalid in that forum. Rather, because the state court clearly stated in its Order that it granted summary judgment "upon due consideration of [LSF8's] Motion," Order, LSF8 Master Participation Tr., Nov. Term, 2015, No. 4303 (Oct. 26, 2016), and that motion argued that LSF8 was entitled to judgment in its favor because it held a valid assignment of Plaintiff's mortgage and Plaintiff defaulted on that mortgage, it is clear that the state court decided the validity of the assignments, Plaintiff's lack of a response to the motion notwithstanding. See 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4444 (2d ed. 2002) (noting that "[p]reclusion is appropriate even if the summary-judgment motion went unopposed" because the motion must nonetheless be decided on the merits). We therefore reject Plaintiff's arguments that his *pro se* status and failure to respond to the summary judgment motion prevents the application of issue preclusion in this case, and we specifically conclude, contrary to Plaintiff's assertions, that Plaintiff had a full and fair opportunity to litigate the validity of the assignments in the Foreclosure Action, and that the validity of the assignments was actually decided in spite of his failure to respond to LSF8's motion.[4] In sum, we conclude that all of the elements of issue preclusion are satisfied in this case, and Plaintiff is therefore precluded from re-litigating the validity of the mortgage assignments in the instant action.

---

[4] Plaintiff also argues that the Foreclosure Action should not be given issue-preclusive effect because it was essentially a contract action, while the claims here sound in different legal theories. This argument is also unpersuasive because issue preclusion does not require the nature of the legal claims in the prior action to be identical to the claims in a subsequent action. As noted above, issue preclusion prevents a party from re-litigating an issue of fact or law that a prior court has already resolved, regardless of whether the second action raises distinct legal claims. Taylor, 147 A.3d at 511 n.30.

Having reached that conclusion, we also conclude that the Complaint fails to allege "sufficient factual matter to show that the claim is facially plausible," and consequently fails to state a claim upon which relief could be granted.[5] Warren Gen. Hosp., 643 F.3d at 84 (quotation omitted). Because the central assertion at the heart of all four of the claims asserted in the Complaint is that the Second Assignment was invalid and re-litigation of that issue is precluded by the judgment in the Foreclosure Action, we conclude that these claims are simply not plausible. Moreover, we conclude that no amendment to the Complaint could remedy this essential factual deficiency and, thus, we find that any amendment to the Complaint would be futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). We therefore grant Defendants' Motion to Dismiss, and deny Plaintiff leave to amend.

## IV. CONCLUSION

For the reasons stated above, we grant Defendants' Motion to Dismiss an dismiss Plaintiff's complaint in its entirety. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova_____
John R. Padova, J.

---

[5] Because we conclude that issue preclusion bars all of the claims raised in the Complaint, we need not address Defendants' alternative arguments in favor of dismissal.